UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jackeline Maynard, mother
And next friend of the minor child,
D.M.
439 Jefferson St., NW
Washington, DC 20011,
      Plaintiffs

v.

Cesar Chavez PCS
District of Columbia Public School

Government of the
District of Columbia
Serve: Office of the Attorney
General
441 4th Street NW
Washington, DC 20001

And

Mayor Adrian Fenty
Serve: Office of the Secretary
C/o Tabethea Braxton, designee
1350 Pennsylvania Avenue, NW
Washington, DC 20004
      Defendants

Case: 1:08-cv-00258
Assigned To : Walton, Reggie B.
Assign. Date : 2/15/2008
Description: Civil Rights-Non. Employ.

## COMPLAINT
(For declaratory and injunctive relief)

### JURISDICTION

1. Plaintiffs brings this complaint seeking relief for denial of rights to due process, equal protection and equal access to education, pursuant to the Civil Rights Acts of 1871, 42 U.S.C §§ 1983 and 1985; the Individual with Disability Act (IDEA), 20 U.S.C §§1400 et seq.; Title II of the American with *Disability Act* of 1990 (ADA) 42 U.S.C §§ 1231 et seq.; the Rehabilitation Act (section 504),

1

29 U.S.C §§ 701 et seq.; and the Fifth Amendment of the Constitution of the United States.

2. This Court has jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343; and pendant jurisdiction pursuant to 5 D.C. Mun. Regs. § 3000 et seq.,

3. Declaratory relief is authorized by 28 U.S.C §§ 2201 and 2202.

4. Plaintiff was a student attending is a public school in the District of Columbia.

5. Plaintiff is a resident of District of Columbia. Defendant operates the District of Columbia Public School System (DCPS).

6. Defendant is a municipal corporation. As one of its governmental functions, DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA.

## FACTS

7. D.M. is a sixteen year-old boy, special education with significant academic and behavioral problems.

8. D.M. wais enrolled at Cesar Chavez PCS.

9. D.M. did not receive appropriate services for the 2005-2006 or 2006-2007 school years.

10. Plaintiff's counsel requested that Cesar Chavez PCS conduct a full battery of academic evaluations, and that a Functional Behavioral Assessment (FBA) and Behavioral Intervention Plan (BIP) be completed while the evaluations were pending.

11. In response to Plaintiff's counsel's request, the school scheduled a Multidisciplinary Team meeting to review D.M.'s academic and behavioral problems and to determine whether the evaluations were necessary. The result of the meeting was that the team agreed that the evaluations were necessary; the school agreed to perform the FBA and implement the BIP.

12. The school did not implement a BIP. Because of the absence of these behavioral intervention measures, D.M.'s performance in school deterioted.

13. Plaintiff Jackeline Maynard gave the required notice to defendants and unilaterally placed her son at Accotink academy.

14. At Accotink Academy Plaintiff, D.M. began to make academic progress.

15. At Accotink Academy an IEP was developed for DM.
16. Plaintiff Jackeline Maynard filed a due process hearing seeking DCPS to fund her unilateral placement for their failure to provide Plaintiff, D.M. free appropriate public education and failure to provide DM with appropriate placement.
17. A hearing was held on October 24, 2007, hearing officer, St. Cair dismissed Plaintiffs' petition with prejudice and denied the relief sought by plaintiffs.
18. Plaintiffs bring this action on appeal of the hearing officer's determination.

## COUNT I

19. Plaintiffs repeat and re-allege paragraphs 1 to 18.
20. DCPS denied FAPE when it failed to perform the required evaluations.
21. DCPS failed to honor the terms of the settlement agreement to complete a comprehensive evaluation and hold a meeting within fifteen days of receiving the independent evaluation.
22. D.M. was unlawfully deprived of his rights to receive an appropriate education and related services.
23. It is very unlikely that defendants would provide appropriate educational and related services unless this Honorable Court orders defendants to act.
24. Plaintiffs request that this Honorable Court find that Defendants have denied Free Appropriate Public Education to D.M.

## COUNT II

25. Plaintiffs repeat and re-allege paragraphs 1 to 24.
26. DCPS denied FAPE when it failed to develop an appropriate IEP for the 2005/2006, 2006/2007 an 2007/2008 school years.
27. Plaintiffs request that this Honorable Court find that Defendants have denied a FAPE to D.M.

## COUNT III

28. Plaintiffs repeat and re-allege paragraphs 1 to 27.
29. The hearing officer's findings that the 10 day notice to defendants is defective because the student had not previously receive special education is in error.

30. D.M. is a child with disability who was being unlawfully deprived of his rights to receive an appropriate education and related services in an appropriate setting.

31. Plaintiffs request that this Honorable Court find that the hearing officer conclusion is in error.

32. Plaintiffs request that this Honorable Court find that Defendants have denied FAPE to D.M.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts.
2. Order that DCPS fund Parent's unilateral placement at Accotink Academy.
3. Order that DCPS provide compensatory education service for period of time appropriate services were not provided.
4. Award attorneys' fees and costs to Plaintiff; and
5. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,
Law Offices of Olekanma A. Ekekwe, PC

__/s/Olekanma Ekekwe__
Olekanma Ekekwe, Esq.
DC Bar No. 479967
Law Offices of Olekanma A. Ekekwe, PC
1001 Pennsylvania Avenue NW, Suite 600
Washington, DC 20004
(202) 742-6694 (O)
(800) 524-2370 (F)
academy@olekanmalaw.com

4

# District of Columbia
## Office of the State Superintendent of Education
### Office of Compliance & Review
*State Enforcement and Investigation Division*
### *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
1150 Fifth Street, SE, Washington, D.C. 20003
Facsimile: (202) 698-3825

| | |
|---|---|
| In the Matter of ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| DELVIO MARTINEZ, student ) | |
| Date of Birth: March 16, 1991 ) | |
| ) | **DECISION & ORDER** |
| Petitioner, ) | |
| ) | |
| versus ) | Request Date: August 22, 2007 |
| ) | Hearing Date: October 24, 2007 |
| The District of Columbia Public Schools, ) | |
| The Cesar Chavez Public Charter School, ) | Held at: Student Hearing Office, DCPS |
| Attending: Accotink Academy, ) | 1150 Fifth Street, SE |
| ) | First Floor- Hearing Room 4A |
| Respondent. ) | Washington, D.C. 20003 |

Parent:                          Jackeline F. Maynard
439 Jefferson Street, NW
Washington, D.C. 20011

Counsel for the Parent/Student:    Olekanma A. Ekekwe, Esq.
1001 Pennsylvania Avenue, NW Suite 600
Washington, D.C. 20004

District of Columbia Public Schools:    Daniel L. McCall, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE - 9th Floor
Washington, D.C. 20002

An INDEX of NAMES is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant witnesses. The index will be detached before release of this DECISION & ORDER as a public record.

i

# INDEX of NAMES for Delvio Martinez

**Hearing Date:** October 24, 2007

Appearing on behalf of the parent/student:

1. Jackeline F. Maynard, mother *

Appearing on behalf of DCPS:

1. Sadiqa Al Salam, Special Ed. Coordinator, Cesar Chavez Pub. Chr. School *
2. Padraic Foran, General Ed. Teacher, Cesar Chavez Pub. Chr School
3. Laura George, Esq., Office of General Counsel, DCPS

\* Gave testimony.
\*\* Gave testimony via telephone.

ii

## STATEMENT of the CASE

On August 22, 2007, Counsel for the Parent filed the herein Complaint on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) and the Cesar Chavez Public Charter School (CCPCS), a DCPS charter school, denied a Free Appropriate Public Education (FAPE) to the student. Essentially, Counsel for the Parent complained of the failure on the part of DCPS to make FAPE available to the student in a timely manner.

The Student Hearing Office, DCPS, scheduled a hearing in this matter 3:00 P.M., Wednesday, 24, 2007 at the Student Hearing Office, DCPS, 1150 Fifth Street, SE- First Floor, Hearing Room 4A, Washington, D.C. 20003. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004, Title 34 of the Code of Federal Regulations, Part 300, and Title V of the District of Columbia Municipal Regulations.

**ISSUES:**

1. **Did DCPS fail "to find" the student?**

2. **Did DCPS fail to assess the student in all areas of suspected disability?**

3. **Was the DCPS failure to complete a functional behavioral assessment (FBA) of the student a Denial of FAPE?**

4. **Was the DCPS failure to complete evaluation of the student as agreed at the June 22, 2006 MDT meeting a Denial of FAPE?**

## SUMMARY of the EVIDENCE and FINDINGS of FACT

By facsimile dated October 16, 2007, the parent disclosed 4 witnesses and 7 documents.
By facsimile dated October 17, 2007, DCPS disclosed 38 witnesses and 9 documents.
Parent Document No 2 was designated the Accotink Academy Instructional Program.
The documents were placed into the record and are referenced/footnoted herein where relevant.
At the request of DCPS, the Rule on Witness was applied.
**The parties stipulated that Accotink Academy could provide educational benefit to the student.**
The Parent was ordered forward.
The Parent testified that, while at CCPCS, the student began to have academic problems during the 8th grade and twice failed the 9th grade; that the student had serious disciplinary

problems, and that because of the academic and behavior problems, she requested evaluation of the student for special education services. The Parent testified that she enrolled the student at Accotink Academy in the summer of 2007 because CCPCS never completed an IEP for the student; that she wrote a letter to DCPS informing DCPS of her intention to place the student at Accotink Academy unilaterally and at public expense. (*The Parent did not disclose the letter but introduced it during the hearing. DCPS objected under 5-Day Disclosure Rule; the objection was SUSTAINED.*) On cross-examination, the Parent testified that on July 24, 2006 she signed an agreement with DCPS that resulted from a previous Due Process complaint (*The July 24, 2006 SETTLEMENT AGREEMENT was not disclosed; Counsel for the Parent introduced the agreement at the hearing; without objection the agreement was placed into record as Parent Document No 8.*); that she delivered the last of the agreed upon independent evaluations of the student to CCPCS in February 2007 and participated by telephone in an MDT meeting convened by CCPCS on June 1, 2007. The Parent testified that while she did not personally attend the June 1, 2007 MDT/Eligibility/IEP/Placement meeting nor sign the June 1, 1007 IEP, she did agree over the telephone to the implementation of the IEP. On cross-examination, the Parent testified that Counsel for the Parent attended the June 1, 2007 MDT/Eligibility/IEP/Placement meeting and had her authority to approve and sign the June 1, 2007 IEP.

    The Parent rested.
    DCPS was ordered forward.
    The Special Education Coordinator (SEC), CCPCS, testified that she was familiar with the student and that she conducted the June 1, 2007 MDT/Eligibility/IEP/Placement meeting; that during the meeting the student was found eligible and that neither the Parent nor Counsel for the Parent objected to the IEP that indicated that services were to begin June 4, 2007. The SEC testified that services were never delivered to the student and she attempted the schedule a 30 day-follow-up MDT meeting[1] but that neither the Parent nor Counsel for the Parent responded. The SEC testified that because CCPCS required all students to attend summer school and the student did not attend, he was dropped from the CCPCS student roll on July 11, 2007; that she received a request for a transcript for Bell Multicultural Senior High School during the summer of 2007. The SEC testified that she received a letter from Counsel for the Parent dated August 14, 2007 complaining the June 1, 2007 IEP was inappropriate and requesting an MDT/IEP meeting, possibly on August 20, 21 or 24, 2007.[2] The SEC testified that she received the February 23, 2007 Confidential Combination Psycho-educational and Clinical Evaluation[3] from Counsel for the Parent by facsimile dated March 28, 2007.
    DCPS rested.
    Argument.

In consideration of the testimony, documents and arguments herein, the hearing officer found the following facts:

    1. On July 24, 2006, DCPS and the Parent entered into a SETTLEMENT

---

[1] DCPS Document No 5
[2] The herein Complaint was dated August 22, 2007.
[3] DCPS Document No 9

AGREEMENT[4] that settled all claims the Parent had to that date. Issues 1, 3 & 4 merged into the July 24, 2006 agreement. An FBA of the student was completed on August 1, 2006, 5 business days after the July 24, 2006 agreement.

2. There was no evidence to the effect that DCPS failed to assess the student for any specific disability. The student was administered speech/language[5] and combination psycho-educational and clinical evaluations[6] by evaluaors chosen by the Parent. On June 1, 2007, the student was identified as Emotionally Disturbed, and with Counsel for the Parent participating, the Parent authorized the implementation of the June 1, 2007 IEP over the telephone.

3. CCPCS required all students to attend summer school. The student attended the 2007 CCPCS summer school but was dropped from CCPCS student roll on July 11, 2007 for non-attendance. The student never received special education services from a public agency.

4. By letter dated August 14, 2007, Counsel for the Parent requested an MDT/IEP/Placement meeting with CCPCS. The herein Complaint was filed on August 22, 2007.

# DISCUSSION and CONCLUSIONS of LAW

### I, III & IV

**As setout under Finding of Fact No 1, above, theses Issues merged in to the July 24, 2006 SETTLEMENT AGREEMENT.**

### II

**The student was assessed in all areas of suspected disability.**

In the July 24, 2006 SETTLEMENT AGREEMENT, DCPS/CCPCS agreed to fund independent evaluations of the student in the event DCPS failed to complete evaluation of the student timely. DCPS breached the agreement, and as provided for in the agreement, the Parent arranged independent evaluations of the student. The last evaluation was delivered to CCPCS on March 28, 2007 and MDT/Eligibility/IEP/Placement meeting convened on June 1, 2007; neither during nor after the meeting did anyone complained that the student had not been fully evaluated. At the hearing no evidence was adduced to the effect the student had not been fully assessed in all areas of suspected disability. The Parent selected the evaluators.

3 of 4 pages

---

[4] Parent Document No 8
[5] Parent Document No 6
[6] Parent Document No 3

As to any letter attempting to give notice to DCPS under 34 CFR 300.148, it had to be defective as the student had not ". . . previously received special education services under the authority of a public agency. . . ." as required at paragraph (c) of the section.

In consideration of the foregoing, the hearing officer made the following

## ORDER

WITH PREJUDICE, the herein Complaint is DISMISSED.

This is **THE FINAL ADMINISTRATIVE DECISION**. Appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision.

_____ Date: October 31, 2007
H. St. Clair, Esq., Hearing Officer

Issued: 10-31-07
Student Hearing Office, DCPS

4 of 4 pages

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Jackeline Maynard

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington DC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Office of Olekanma A. Ekekwe, PC
1001 Pennsylvania Avenue, Suite 600, NW
Washington DC 20004

## DEFENDANTS
District of Columbia Government

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00258
Assigned To : Walton, Reggie B.
Assign. Date : 2/15/2008
Description: Civil Rights-Non. Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ● L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒ DE   NO ☒   If yes, please complete related case form.

DATE 1/31/08    2-15-08 DE    SIGNATURE OF ATTORNEY OF RECORD [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.