UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JACKELINE MAYNARD**, Mother and next friend of D.M., a minor,<br><br>    **Plaintiff**,<br><br>    v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-0258 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendant District of Columbia, by counsel, replies herewith to the "Plaintiff's Opposition to defendants' Motion to Dismiss Complaint," filed herein March 4, 2008 ("Opposition').

In its February 25, 2008, motion to dismiss, the District noted that the complaint herein was required, under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq.*, to be filed within "90 days from the date of the decision of the hearing officer." 20 U.S.C. § 1415(i)(2)(B). To the extent the complaint was in fact not filed until February 15, 2008, the District argued, the action herein was time barred, and the Court was without jurisdiction to entertain it.

Viewed in its most favorable light, the Plaintiff's position seems to be that she had until February 1, 2008, to file the complaint (Opposition, p. 1); that something happened in the Court Clerk's Office on January 31 that prevented its being filed on that date – "due to negligible error such as not placing two punch holes on top of the

document" (Opposition, p. 1); and that while the complaint was not refiled until February 15, the Court may nonetheless "retain jurisdiction" because of the Plaintiff's "excusable neglect" in not having perfected filing on January 31 (Opposition, p. 2).

Preliminarily, it is unclear what, in fact, occurred on January 31. If the suggestion is that the complaint wasn't accepted because it lacked two punched holes, the excuse is not credible – there are hole punches in the Clerk's Office, and hundreds within a ¼ mile radius of the Clerk's Office. Equally incredible is it to suggest that taking *two weeks* to punch two holes in the documents and resubmit them for filing represents "excusable neglect."[1]

But ultimately, *none of the excuses suggested makes any jurisdictional difference.* For even if, without any credible support, it were assumed that the Plaintiff is somehow entitled to have the complaint considered to have been filed on January 31, it *still would have been too late by two days!* Ninety days from October 31 is January 29, not – as the Plaintiff blithely asserts – February 1.

Just as the Plaintiff's excuses are disingenuous, so is her reference to T.T. v. District of Columbia, Civ. No. 05-2259 (D.D.C.), misleading. Without any detail whatever, the Opposition suggests that the Court in T.T. denied a similar motion to dismiss, and thus would provide support for denial of the District's motion here. In a July 18, 2006, Order in T.T., Judge Collyer did indeed rule that the IDEIA 90-day appeal period was effectively enlarged by the 3-days-for-service provision of Fed. R. Civ. P. 6(e), construed the permissible filing period to therefore be 93 days, and denied dismissal

---

[1] Indeed, counsel's believing February 1(a day later) to have been the deadline, but waiting to refile until February 15, on its face appears a complete abdication of the most elemental responsibilities of diligence.

2

based on untimeliness. Applied here, that notion might have been argued to support the Plaintiff's claimed deadline of February 1.

What Plaintiff fails to advise the Court, however, is that Judge Collyer later *reversed herself* in that regard in an Order to Show Cause issued February 12, 2008. Reconsidering her earlier determination – and joining all other Judges on this Court who have considered the matter – Judge Collyer held that a 90 day period, running from the date of the HOD, is the correct measure. For the Court's convenience, a copy of Judge Collyer's ruling in that regard is attached hereto.

In sum, even viewing the Opposition most favorably to the Plaintiff, the complaint herein was untimely under IDEIA, the Court is without jurisdiction to further entertain this action, and the complaint herein must be dismissed.

                                          Respectfully submitted,

                                          PETER J. NICKLES
                                          Interim Attorney General for the District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          /s/ Edward P. Taptich
                                          EDWARD P. TAPTICH  (#012914)
                                          Chief, Equity Section II
                                          441 4th Street, NW, 6th Fl. South
                                          Washington, D.C. 20001
                                          (202) 724-7334

March 4, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| T.T., a minor, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 05-2259 (RMC) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

T.T. is a child who received special education services at the District of Columbia Public Schools ("DCPS") until the 2005-2006 school year. Through her mother, Norma Gales, she brings this suit for review of a Hearing Officer's Decision ("HOD") that found that the District of Columbia Public Schools ("DCPS") did not deny her a Free Appropriate Public Education ("FAPE") pursuant to the Individuals with Disabilities Education Improvement Act of 2004[1] ("IDEIA"), 20 U.S.C. § 1400 *et seq*. Plaintiffs also advance claims under 42 U.S.C. § 1983 ("Section 1983") and 29 U.S.C. § 794 of the Rehabilitation Act ("Section 504"). *See* Compl. [Dkt. #1]. Defendant initially moved to dismiss this case because Plaintiffs did not file their appeal within thirty days of the agency's decision as required by *Spiegler v. District of Columbia*, 866 F. 2d 461 (D.C. Cir. 1989). This Court denied that motion stating that the *Spiegler* was "no longer applicable in light of the

---

[1] In addition to the IDEIA, the parties also refer to the Individual with Disabilities Education Act ("IDEA"), which was amended December 3, 2004 by the IDEIA. Those amendments, for the most part, took effect July 1, 2005. *See* IDEIA of 2004, Pub. L. No. 108-446, § 302, 118 Stat. 2647, 2803 (2004). Because the events of this case occurred after the amendments became effective, the IDEIA is the appropriate statutory framework.

ninety-day limitation period set forth in the amended IDEA, 20 U.S.C. § 1415(i)(2)(B)." *See* July 18, 2006 Order [Dkt. #5]. The Court also stated that:

> Plaintiffs timely filed their complaint. The HOD was issued on August 16, 2005. Plaintiffs were required to file suit no later than November 17, 2005 — 93 days after August 16. Plaintiffs were entitled to an extra three days because they received notice of the HOD decision by mail. *See Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (pursuant to Fed. R. Civ. P. 6(e), it is presumed that the EEOC's right-to-sue letter was received 3 days after it was mailed; thus the limitations period is extended by 3 days).

*Id*. at 3. The Court has reconsidered the timing of an IDEIA lawsuit. *See J.S. v. District of Columbia*, Case No. 07-1265 [Dkt. #10] (granting motion to dismiss the Complaint as time barred pursuant to Federal Rule of Civil Procedure 12(b)(1)); *see also R.P. v. District of Columbia*, 474 F. Supp. 2d 152 (D.D.C. 2007) (holding that Rule 6(e) does not apply to the institution of IDEIA cases and dismissing complaint as time barred); *Smith v. District of Columbia*, 496 F. Supp. 2d 125, 128 (D.D.C. 2007) (agreeing with *R.P.* and noting that the IDEIA starts the running of the limitations period from the date of the HOD, not from the date of service of HOD on the party). In light of the cited case law in this jurisdiction, it is hereby

**ORDERED** that the Plaintiff **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) no later than March 3, 2008; and it is

**FURTHER ORDERED** that Defendants shall file a response to Plaintiffs' response to this Order no later than March 14, 2008; and it is

**FURTHER ORDERED** that the cross motions for summary judgment [Dkt. ## 16 & 18] are **DENIED WITHOUT PREJUDICE** in light of the Court's Order to Show Cause.

**SO ORDERED**.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: February 12, 2008