UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKELINE MAYNARD, Mother and next friend of D.M., a minor, : : : PLAINTIFF, : : v. : : DISTRICT OF COLUMBIA, et al., : : DEFENDANTS. : | Civ. Action No. 08-0258 (RBW) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit a March 26, 2008, judgment of the United States Court of Appeals for the District of Columbia affirming dismissal of an Individuals with Disabilities Education Improvement of 2004 complaint that was filed beyond the 90-day deadline set forth in 20 U.S.C. §1415(i)(2)(B).  See Exhibit A, attached.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Section Chief
Equity Section Two

1

2

>/s/ *Veronica A. Porter*
VERONICA A. PORTER (412273)
Assistant Attorney General
Civil Litigation Division
Equity Section Two
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651 (phone)
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**April 3, 2008**

WE

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 07-7051**                                                              **September Term, 2007**

R.P., A MINOR, BY HIS PARENTS AND NEXT FRIENDS, DIETRA PINN, ET AL.,
                    APPELLANTS

v.

DISTRICT OF COLUMBIA AND
MICHELLE RHEE, CHANCELLOR, DISTRICT OF COLUMBIA PUBLIC SCHOOLS,
                    APPELLEES

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  MAR 2 8 2008

CLERK

---

Appeal from the United States District Court
for the District of Columbia
(No. 06cv01496)

---

Before: ROGERS, GARLAND, and GRIFFITH, *Circuit Judges*.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

More than 90 days after a hearing officer dismissed their claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, the appellants filed a civil complaint in the United States District Court for the District of Columbia. Because the IDEA, as amended by the Individuals with Disabilities Education Improvement Act, grants parties only 90 days in which to bring such an action, *id.* § 1415(i)(2)(B), the district court correctly dismissed the suit as untimely filed.

In support of their contention that their civil complaint was timely, the appellants cite procedural rules that grant a party several additional days to act after service is made. FED. R. CIV. P 6(e) ("Whenever a party must or may act within a prescribed period after service . . . , 3

RECEIVED MAR 3 1 2008

-2-

days are added after the prescribed period would otherwise expire . . . ."); D.C. CIR. R. 26(c) (same); D.C. CT. APP. R. 15(a) (granting 5 additional days from the date a decision is mailed). These provisions, however, all relate to filing periods that do not begin until after service or notice. By contrast, under the plain language of the IDEA, the 90-day period in which a party must file a civil action runs from the date of the hearing officer's decision, rather than from the date of service or notice. 20 U.S.C. § 1415(i)(2)(B) ("The party bringing the action shall have 90 days *from the date of the decision* of the hearing officer to bring such an action . . . ." (emphasis added)). Federal Rule of Civil Procedure 6(e), D.C. Circuit Rule 26, and D.C. Court of Appeals Rule 15(a) therefore do not extend the 90-day period, which is mandatory. The appellants raise no other argument on appeal.

Pursuant to D.C. Circuit Rule 36(b), this decision will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: *[signature]*

Deputy Clerk