UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                           :
JACKELINE MAYNARD, Mother and              :
next friend of D.M., a minor,              :
                                           :
    PLAINTIFF,                             :
                                           :       Civ. Action No. 08-0258 (RBW)
    v.                                     :
                                           :
DISTRICT OF COLUMBIA, et al.,              :
                                           :
    DEFENDANTS.                            :
_____

**NOTICE OF SUPPLEMENTAL AUTHORITY**

    Defendants respectfully submit a July 3, 2008, Memorandum Opinion of Judge Friedman dismissing an Individuals with Disabilities Education Improvement of 2004 complaint because of a lack of subject matter jurisdiction and failure to state a claim. The complaint in the attached Memorandum Opinion was filed by the same Plaintiff's counsel, Olekanma Ekekwe. See Exhibit A, attached.

                      Respectfully submitted,

                      PETER J. NICKLES
                      Acting Attorney General for the
                       District of Columbia

                      GEORGE C. VALENTINE
                      Deputy Attorney General
                      Civil Litigation Division

                      */s/ Edward P. Taptich*_____
                      EDWARD P. TAPTICH (012914)
                      Section Chief
                      Equity Section Two

2

          */s/ Veronica A. Porter*
          VERONICA A. PORTER (412273)
          Assistant Attorney General
          Civil Litigation Division
          Equity Section Two
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C.  20001
          (202) 724-6651 (phone)
          (202) 727-3625 (facsimile)
          veronica2.porter@dc.gov

**July 7, 2008**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

IDA CUMMINGS,
*mother and next friend of the minor child J.C.*,

        Plaintiff,

v.

WOODSON SENIOR HIGH SCHOOL, *et al.*,

        Defendants.

Civil Action No. 08-0289 (PLF)

---

MEMORANDUM OPINION

Plaintiff Ida Cummings, mother and next friend of the minor child, J.C., represented by counsel, filed this action against named defendants Woodson Senior High School, the District of Columbia, and Mayor Adrian Fenty. The two counts of plaintiff's amended complaint allege that the defendants are denying J.C. the free appropriate public education ("FAPE") to which she is entitled under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). This matter was removed by the defendants to this Court from the Superior Court of the District of Columbia and is now before the Court on defendants' motion to dismiss ("Mot."). After the Court issued an Order to Show Cause, plaintiff filed a brief in opposition ("Opp."), and defendants filed a reply brief ("Reply").

I. BACKGROUND

A Hearing Officer for the District of Columbia Public Schools ("DCPS") issued a Decision ("HOD") dated May 31, 2007, concluding that the DCPS had not denied J.C. a FAPE

because "a request for evaluation of the student for special education services was not delivered to DCPS after the February 13, 2004 ineligibility decision." HOD at 2.[1] The Hearing Officer found that plaintiff's counsel admitted this fact during the due process hearing on May 22, 2007. See id.

The Student Hearing Office attempted to fax a copy of the HOD to plaintiff's counsel on May 31, 2007, but plaintiff's counsel's fax number was not working. See Exhibit 1 to Reply. After plaintiff's counsel requested a copy of the HOD nearly three months later, in August 2007, see exhibits to Notice of Removal at 41-42, the Student Hearing Office successfully faxed a copy of the HOD to plaintiff's counsel at her new fax number on August 22, 2007. See Exhibit 2 to Reply.

Instead of filing a civil complaint in this Court or in the Superior Court, as required by the IDEA, see 20 U.S.C. § 1415(i)(2)(A), plaintiff's counsel filed a "petition for review" in the Superior Court on August 24, 2007. See Opp. at 4.[2] The one-page petition for review states only that it "[r]equest[s] a review of decision because hearing officer disregarded evidence and testimony. Request a finding of violation of FAPE by DCPS." Petition for Review. The petition also states that the date of the decision to be reviewed is August 23, 2007. See id. The Superior Court's Clerk's Office deemed the petition to be one seeking review under the Merit Personnel Act.

---

[1] The HOD, the Petition for Review, and various other papers were attached to the Notice of Removal and are part of the record before this Court.

[2] Defendants assert that plaintiff's counsel has had another case dismissed in the Superior Court as a result of the same deficiency. See Mot. at 4 n.2.

There were various proceedings in the Superior Court. On January 31, 2008, the Superior Court denied defendants' motion to dismiss and granted plaintiff leave to file an "amended complaint." On February 16, 2008, plaintiff's counsel filed the operative amended complaint, asserting claims under the IDEA. The defendants then removed the case to this Court and filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). That motion is now before the Court.

## II.  DISCUSSION

As a preliminary matter, the Court agrees with the defendants that Woodson Senior High School is not an entity that can sue or be sued. See Mot. at 9-10. As Judge Collyer has explained in a different case brought by the same attorney, "[f]or all practical purposes, this suit is against only the District of Columbia. As a public school in D.C., [the individual school] is non *sui juris* and the Mayor is sued in his official capacity." Hamlet v. MM Washington High School, Civil Action No. 04-1746, 2006 WL 1933833, at * 1 n. 1 (D.D.C. July 11, 2006); see also Hinson v. Merritt Educational Center, 521 F. Supp. 2d 22, 34 (D.D.C. 2007) (same).[3] Woodson Senior High School therefore is dismissed as a defendant.

With respect to plaintiff's claims under the IDEA, defendants argue that the Court lacks subject matter jurisdiction because plaintiff's amended complaint under the IDEA was filed outside the 90 day statute of limitations provided for in the statute for suits seeking to challenge

---

[3]  Plaintiff's counsel here also was counsel in Hinson and in Hamlet.

an adverse decision of a Hearing Officer.  See Mot. at 4 (citing 20 U.S.C. § 1415(i)(2)(B)).[4]  The IDEA provides, in relevant part, that the "party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action[.]"  20 U.S.C. § 1415(i)(2)(B); see also R.P. v. District of Columbia, 474 F. Supp. 2d 152, 152 (D.D.C. 2007), aff'd without opinion, No. 07-7051, Judgment (D.C. Cir. March 28, 2008) ("under the plain language of the IDEA, the 90-day period in which a party must file a civil action runs from the date of the hearing officer's decision, rather than from the date of service or notice").  Plaintiff's counsel fails to address this argument at all in the brief filed in opposition to the motion to dismiss.

Defendants filed this motion to dismiss in this Court on March 31, 2008.  On April 18, 2008, when plaintiff's counsel had failed to file an opposition brief within the time provided for by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the Court issued an Order to Show Cause.  The Order to Show Cause reminded plaintiff's counsel that Local Civil Rule 7(b) provides:

> Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

Local Civil Rule 7(b).  Plaintiff's counsel filed an opposition brief within the time directed by the Court in the Order to Show Cause.  The brief she filed, however, is filled with irrelevant legal principles and citations on topics such as 42 U.S.C. § 1983 and qualified immunity, and does not

---

[4]  IDEA claims asserted by Ms. Cummings on behalf of J.C. in a previous lawsuit filed by the same counsel were also dismissed for lack of subject matter jurisdiction as a result of counsel's failure to file timely appeals from a number of Hearing Officer Decisions.  See Cummings v. District of Columbia, Civil Action No. 04-1426, 2006 WL 1126811, * 3 (D.D.C. March 31, 2006).

address the substance of defendants' arguments as to why plaintiff's claims under the IDEA should be dismissed. As a result, the Court will dismiss plaintiff's IDEA claims.

In addition to the IDEA, plaintiff's amended complaint also references "Title II of the American with Disability Act of 1990 [*sic*] (ADA) 42 U.S.C. §§ 1231 et seq. [*sic*]; the Rehabilitation Act (section 504), 29 U.S.C. §§ 701 et seq." Am. Compl. ¶ 1.[5] The two counts of the amended complaint, however, assert only a denial of FAPE and related services – claims cognizable under the IDEA. See Am. Compl. at 3.

Plaintiff has failed to state a claim under the ADA or the Rehabilitation Act in her amended complaint. The complaint filed by plaintiff's counsel "contains no specific allegations regarding Plaintiff's Rehabilitation Act claim." Hinson v. Merritt Educational Center, 521 F. Supp. 2d at 30-31 (noting that plaintiff's complaint "contains no specific allegations regarding Plaintiff's Rehabilitation Act claim"); see also id. at 31 ("the ADA addresses discrimination "by

---

[5] As Judge Kotelly pointed out in a different case filed by the same attorney, the complaint "refers erroneously to a non-existent section of the United States Code, 42 U.S.C. § 1231, et seq." Hinson v. Merritt Educational Center, 521 F. Supp. 2d at 31. Judge Kotelly continued:

> Nevertheless, the Court assumes that Plaintiffs meant to assert a claim pursuant to 42 U.S.C. § 12132, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In turn, 42 U.S.C. § 12131 defines a public entity as, *inter alia,* "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131.

Hinson v. Merritt Educational Center, 521 F. Supp. 2d at 31. The Court in this case will make the same assumption.

reason of" a disability, 42 U.S.C. § 12132, and Plaintiffs' Complaint is devoid of allegations that [plaintiff] was discriminated against on the basis of [her] disability"). Plaintiff's complaint in this case suffers from the (apparently exact) same deficiencies as the previous complaints filed by the same attorney. Moreover, in her opposition brief, plaintiff's counsel fails to mention the ADA at all, and mentions the Rehabilitation Act only in a conclusory manner, with no analysis or reasoning to support an argument that the Rehabilitation Act applies to the facts as alleged in this case. See Opp. at 8 (page numbers provided by the Court's electronic filing system rather than appearing on the face of the brief). Accordingly the Court concludes that plaintiff has failed to state a claim under the ADA or the Rehabilitation Act.

The history of this attorney's conduct -- in this case and before other judges of this Court in similar cases -- indicates that in many cases she has not provided competent or responsible representation to her clients. She has repeatedly made the same mistakes -- including missing deadlines and statutes of limitations, filing improper pleadings, naming improper defendants, failing to oppose dispositive motions, and mis-citing statutes -- in numerous IDEA cases before a number of different judges of this Court.[6] Counsel has repeated these same

---

[6] For example, a quick review of this Court's electronic filing system reveals a number of cases in which counsel has missed various deadlines, including statutes of limitations, and the failure to oppose dispositive motions or to serve process on the defendants. See, e.g., Cummings v. District of Columbia, Civil Action No. 04-1427 (Collyer, J.) (filed August 24, 2004) (service of process not completed within 120 days); Hamlet v. MM Washington School, Civil Action No. 04-1746 (Collyer, J.) (filed October 13, 2004) (failure to compete service of process until Court issued an Order to Show Cause; failure to oppose first dispositive motion until Court issued an Order to Show Cause; case later dismissed due to failure to oppose dispositive motion, which was itself a motion to dismiss for lack of prosecution); Smith v. Gibbs Elementary School, Civil Action No. 05-0515 (Kotelly, J.) (filed March 14, 2005) (case dismissed for failure to complete service of process or to show cause why service had not been completed); Carruthers v. Ludlow Taylor Elementary School, Civil Action No. 05-0516 (Urbina, J.) (filed March 14, 2005) (failure to oppose dispositive motion until Court issued an Order to

errors even after various judges have issued decisions explaining, for example, such basic points

---

Show Cause; case later dismissed due to missed statute of limitations); Smith v. Gibbs Elementary School, Civil Action No. 05-0568 (Huvelle, J.) (filed March 18, 2005) (case dismissed because counsel failed to oppose dispositive motion); Simmons v. MC Terrell Educational Center, Civil Action No. 08-0388 (Robertson, J.) (filed March 3, 2008) (failure to oppose partial motion to dismiss).

      A search of this Court's electronic filing system also shows that counsel has filed several lawsuits in this Court improperly naming individual District of Columbia Public Schools as defendants. See, e.g., Cummings v. District of Columbia, Civil Action No. 04-1426 (Collyer, J.) (filed August 24, 2004); Cummings v. District of Columbia, Civil Action No. 04-1427 (Collyer, J.) (filed August 24, 2004); Hamlet v. MM Washington School, Civil Action No. 04-1746 (Collyer, J.) (filed October 13, 2004); Savoy-Kelly v. Eastern High School, Civil Action No. 04-1751 (Kessler, J.) (filed October 13, 2004); Smith v. Gibbs Elementary School, Civil Action No. 05-0515 (Kotelly, J.) (filed March 14, 2005); Carruthers v. Ludlow Taylor Elementary School, Civil Action No. 05-0516 (Urbina, J.) (filed March 14, 2005); Smith v. Gibbs Elementary School, Civil Action No. 05-0568 (Huvelle, J.) (filed March 18, 2005); Hinson v. Merritt Educational Center, Civil Action No. 07-0934 (Kotelly, J.) (filed May 21, 2007); Simmons v. MC Terrell Educational Center, Civil Action No. 08-0388 (Robertson, J.) (filed March 3, 2008).

      A third quick review of this Court's electronic filing system reveals several complaints in which counsel has "refer[red] erroneously to a non-existent section of the United States Code, 42 U.S.C. § 1231, et seq.," see supra n. 5. See, e.g., Cummings v. District of Columbia, Civil Action No. 04-1426 (Collyer, J.) (filed August 24, 2004); Cummings v. District of Columbia, Civil Action No. 04-1427 (Collyer, J.) (filed August 24, 2004); Hamlet v. MM Washington School, Civil Action No. 04-1746 (Collyer, J.) (filed October 13, 2004); Savoy-Kelly v. Eastern High School, Civil Action No. 04-1751 (Kessler, J.) (filed October 13, 2004); Smith v. Gibbs Elementary School, Civil Action No. 05-0515 (Kotelly, J.) (filed March 14, 2005); Carruthers v. Ludlow Taylor Elementary School, Civil Action No. 05-0516 (Urbina, J.) (filed March 14, 2005); Smith v. Gibbs Elementary School, Civil Action No. 05-0568 (Huvelle, J.) (filed March 18, 2005); Hinson v. Merritt Educational Center, Civil Action No. 07-0934 (Kotelly, J.) (filed May 21, 2007); Maynard v. Cesar Chavez PCS, Civil Action No. 08-0258 (Walton, J.) (filed February 15, 2008); Simmons v. MC Terrell Educational Center, Civil Action No. 08-0388 (Robertson, J.) (filed March 3, 2008).

      Counsel has filed documents that were inappropriate in other respects as well. See, e.g., Savoy-Kelly v. Eastern High School, Civil Action No. 04-1751 (Kessler, J.) (filed October 13, 2004) Slip Opinion at 2 n.2 ("Plaintiffs' Complaint and papers are extremely difficult to follow, very incomplete, and do not provide the Court with the appropriate information upon which to base its decision.").

as that an individual District of Columbia Public School is not subject to suit, and that plaintiff's attempted citation to the ADA is to a statutory provision that does not exist. In this case and in others, counsel's failings have disadvantaged her clients, sometimes leading to the dismissal of her clients' cases. The Court finds all this even more troubling in light of the fact that counsel, on her internet website, holds herself out as "a special education law attorney with more than ten years of experience."[7] Accordingly, the Court intends to refer this attorney to the Grievance Committee of this Court and to the District of Columbia Bar Office of Bar Counsel, so that the proper authorities may determine whether or not she is fairly and competently representing the interests of those persons she accepts as clients or whether she should be sanctioned for these serious violations.

        An Order consistent with this Memorandum Opinion will be issued this same day.

        SO ORDERED.

                              _____/s/_____
                              PAUL L. FRIEDMAN
                              United States District Judge

DATE: July 3, 2008

---

[7]     Olekanma A. Ekekwe,P.C. Law Offices, http://www.olekanmalaw.com/PracticeAreas/Education-Law.asp (last visited July 3, 2008).