UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACKELINE MAYNARD, Mother and next friend of D.M., a minor, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 08-0258 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

The plaintiff, Jackeline Maynard, filed this lawsuit on behalf of her sixteen-year-old son, D.M., a child who requires special education services, appealing an administrative Hearing Officer Decision ("HOD") issued pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 (2000).[1]  Complaint ("Compl.") ¶¶ 7, 18.  Currently before this Court is the Defendants' Motion to Dismiss Complaint ("Defs.' Mot.").[2]  For the reasons set forth below, the Court concludes that the defendants' motion should be **granted**.

---

[1] The plaintiff also alleges in her complaint that she is "seeking relief for denial of rights of due process, equal protection and equal access to education pursuant to the Civil Rights Acts of 1871, 42 U.S.C. §§ 1983 and 1985 (2000), Title II of the American with Disability Act of 1990 (ADA), 42 U.S.C. § 1231, the Rehabilitation Act § 504, 29 U.S.C. § 701 (2000); and the Fifth Amendment of the Constitution of the United States.  Compl. ¶ 1.

[2] Also submitted in conjunction with this motion are (1) the Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Complaint; (2) the plaintiff's Opposition to Defendant's Motion to Dismiss Complaint; (3) the plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Complaint ("Pl.'s Opp'n"); and (4) the defendants' Reply to Opposition to Defendants' Motion to Dismiss Complaint ("Defs.' Reply").

## I. Background

D.M., a child with significant academic and behavioral problems, was enrolled at Cesar Chavez Public Charter School ("Cesar Chavez") during the 2005-2006 and 2006-2007 academic school years.  Id. ¶ 7-9.  In response to D.M.'s poor academic performance, in 2007 the plaintiff requested that Cesar Chavez evaluate D.M. for special education services.  Id. ¶ 10.  Specifically, the plaintiff's counsel requested that "[Cesar Chavez] conduct a full battery of academic evaluations, and that a Functional Behavioral Assessment and Behavioral Implementation plan be completed while the evaluations were pending."  Id.  On June 1, 2007, the plaintiff's attorney attended a status meeting with Cesar Chavez personnel, at which time the school proposed, and the plaintiff's attorney approved, an Individual Education Plan ("IEP") for D.M. that was scheduled to commence on June 4, 2007.  Compl., Attachment ("Attach.") (District of Columbia Office of the State Superintendent of Education Office of Compliance & Review Decision & Order dated October 31, 2007) ("October 31, 2007 Decision and Order") at 5.  D.M. did not attend summer school as required by Cesar Chavez, so the school dropped D.M. from its student roll on July 11, 2007.  Id.  The plaintiff sent a letter dated August 14, 2007 to Cesar Chavez complaining that the June 1, 2007 IEP was inappropriate, and notifying Cesar Chavez of her intention to place D.M. at Accotink Academy at the public's expense.  Id.  The plaintiff "[requested] a due process hearing" to secure funding from the District of Columbia Public School System for D.M.'s education at Accotink.  Compl. ¶ 16.  A hearing on the petition was conducted by Hearing Officer H. St. Clair on October 24, 2007, and the petition was dismissed with prejudice in an HOD issued October 31, 2007.  Id. ¶ 17 & Attach. (October 31, 2007

Decision and Order) at 4. The HOD advised the plaintiff that an "appeal can be made to a court of competent jurisdiction within ninety (90) days of the issue date of this decision." Id., Attach. (October 31, 2007 Decision and Order) at 4.

The plaintiff initially filed her complaint in this Court on January 31, 2008, but the Court rejected the filing due to procedural deficiencies, including failure to hole-punch and staple the filing, failure to provide specified information in the case form, failure to provide duplicate copies, and failure to provide a portable document format ("PDF") version of the filing on a computer disk. Pl.'s Opp'n, Exhibit 1 (Order of the Honorable Thomas F. Hogan dated February 1, 2008). The plaintiff did not refile the complaint until February 15, 2008. Compl. at 1.

On February 25, 2008, the defendants filed the motion to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) that is now before the Court, asserting that the complaint is time-barred by the 90-day statutory limitations period established by the IDEA for judicial review of adverse HODs. Def.s' Mem. at 2.

## II. Standard of Review

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. The plaintiff bears the burden of showing that the Court has subject matter jurisdiction by a preponderance of the evidence. Erby v. United States, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing, among others, Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). When ruling on a motion to dismiss, "a court must accept as true well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." J.S.

v. District of Columbia, 533 F. Supp. 2d 160, 161 (D.D.C. 2008).  However, because the court cannot hear the plaintiff's claim without subject matter jurisdiction, "a court resolving a motion to dismiss under Rule 12(b)(1) must give the complaint's factual allegations closer scrutiny than required for a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim."  Lipsman v. Sec'y of Army, 257 F. Supp. 2d 3, 6 (D.D.C. 2003) (citing Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001); 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 2d § 1350).  In making its determination, the Court may consider information outside the pleadings.  Id. (citing Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)).

### III. Analysis

The defendants contend that this Court does not have subject matter jurisdiction over the plaintiff's complaint because it was filed outside of the IDEA's 90-day statute of limitations period.  Defs.' Mem. at 2.  Specifically, the defendants assert that the IDEA required filing of the plaintiff's complaint by January 29, 2008, therefore rendering its filing untimely regardless of whether the Court considers the filing to have occurred on January 31, 2008, or February 15, 2008.  Id. at 1-2.  In opposition, the plaintiff responds that the complaint did not have to be filed until February 1, 2008, and that the January 31, 2008 filing was therefore timely.  Pl.'s Opp'n at 1.

The plaintiff seeks relief from an adverse HOD issued October 31, 2007.  Compl., Attach. (October 31, 2007 Decision and Order ) at 7.  Faced with the issuance of an adverse HOD, the IDEA affords the aggrieved party the right to bring a civil action in either State court or Federal District court.  20 U.S.C. § 1415(i)(2)(A) (2000).  "The party

bringing the action shall have 90 days from the date of the decision of hearing officer[, i.e., a HOD,] to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B)[3]; see R.P. v. District of Columbia, 474 F. Supp. 2d 152, 153 (D.D.C. 2007) ("the limitations period in Section 1415 of IDEA begins to run from the date of the hearing officer's decision"). The District of Columbia having adopted no explicit time limitation for filing suit under Section 1415 of the IDEA, the 90-day statute of limitations established by Congress applies to this case.[4]

An issue arising from the application of the IDEA 90-day limitations period is whether an untimely filing acts as a bar to the subject matter jurisdiction of this Court, or whether such a violation must be pled as an affirmative defense that is subject to exceptions, such as equitable tolling. The issue has generated disparate appellate opinions and has not yet been fully resolved. See Smith v. District of Columbia, 496 F. Supp. 2d 125, 128 n.1 (D.D.C. 2007) ("The Supreme Court has admitted that the distinction between jurisdiction and the requirements to state a claim for relief have become

---

[3]   Congress amended the IDEA by passing the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647 (2004), which included a 90-day statute of limitations for actions challenging HODs under Section 1415. Prior to this amendment, the statute did not provide a limitations period for such actions. See Anthony v. District of Columbia, No. 06-0192, 2006 WL 1442242, at *2 (D.D.C. May 22, 2006).

[4]   Several members of this Court have concluded that the 90-day statute of limitations is applicable in the District of Columbia. See, e.g., J.S., 533 F. Supp. 2d at 162; Smith v. District of Columbia, 496 F. Supp. 2d 125, 129 (D.D.C. 2007); R.P., 474 F. Supp. 2d at 154; T.T. v. District of Columbia, 2006 WL 1774320, at *2 (D.D.C. June 26, 2006); Anthony, 2006 WL 1442242 at *2. But see Parker v. District of Columbia, No. 05-0188, 2006 WL 1442383, at *2 (D.D.C. May 22, 2006) (following the court in Spiegler v. District of Columbia, 866 F.2d 461 (D.C. Cir. 1989), despite the fact that the 2004 amendment had since been passed); Cummings v. District of Columbia, No. 04-1426, 2006 WL 1126811, at *3 (D.D.C. Mar. 31, 2006) (using the 30-day limitations period indicated in the HOD instead of the 90-day limitations period established by Congress).

'confused or conflated concepts.'") (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 503 (2006)).

The Seventh Circuit Court of Appeals has concluded that "timely filing may be a condition to success, but it is not a jurisdictional requirement in federal court." Farzana v. Ind. Dep't of Educ., 473 F.3d 703, 705 (7th Cir. 2007) (holding that procedural hurdles to IDEA claims are not jurisdictional and therefore may be subject to waiver and forfeiture). The Farzana court posits that 28 U.S.C. § 1331 confers federal courts jurisdiction over claims arising from federal law, and therefore procedural rules of a federal statute "are not jurisdictional . . . no matter how unyielding they may be, unless they set limits on the federal courts' adjudicatory competence." Id.

The United States Supreme Court has since directly addressed the issue of the jurisdictional significance of a federal statute's limitations period. In Bowles v. Russell, the Supreme Court emphasized that "[w]e have long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature." __ U.S. __, __, 127 S. Ct. 2360, 2362 (2007). The majority discussed several past Supreme Court cases that "recognized the jurisdictional significance of the fact that a time limitation is set forth in a statute." Id. at 2364. The Supreme Court cited Congress' sole power to determine the subject matter jurisdiction of lower federal courts, and explained that an aspect of this power is the ability of Congress to attach conditions to that jurisdiction. Id. at 2365.

Despite the Supreme Court's position in Bowles, some courts have continued to espouse that a time limitation in a federal statute may not pose a bar to subject matter jurisdiction. For example, a New Jersey district court recently found that the IDEA 90-day limitations period has "jurisdictional significance," but concluded nonetheless that

non-compliance with the limitations period did not bar subject matter jurisdiction. Wall Twp. Bd. of Educ. v. C.M., 534 F. Supp. 2d 487, 492-493 (D.N.J. 2008) (quoting Bowles, __ U.S. __, 127 S. Ct. at 2364). The district court considered "the language of the statute, its legislative history, and the purpose underlying the statute," id. at 142, and determined that "Congress intended for Section 1415(i)(2)(B) to be treated as a statute of limitations subject to waiver, estoppel, and equitable tolling," id. at 493. This conlusion, the court found, is evidenced by the congressional decision to permit states "to disregard the 90-day time limit and create its own prescription." Id. (citing Bowles, __ U.S. __, 127 S. Ct. at 2364. Thus, the C.M. court denied the defendant's Rule 12(b)(1) motion to dismiss with prejudice, and the defendant was permitted to move for dismissal under Rule 12(b)(6), addressing, inter alia, whether equitable tolling applied under the circumstances. Id. at 494.

Courts in this District have generally treated the IDEA's limitations period as a jurisdictional bar. See, e.g., J.S, 533 F. Supp. 2d at 162 (dismissing the complaint as time-barred because it was filed after the 90-day limitations period); R.P., 474 F. Supp. 2d at 154 (holding that the court lacked jurisdiction over the case because the complaint was filed on the ninety-first day following issue of the HOD). One exception is Smith, in which the court noted that "the waters have been muddled as to whether a motion to dismiss should be brought under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim," but ultimately failed to take a position as to whether the plaintiff's untimely filing presented a jurisdictional bar. 496 F. Supp. 2d at 128. The Smith court resolved the case by granting the District's Rule 12(b)(1) motion without deciding this issue because "the District ha[d] sufficiently

7

established that Smith's complaint was not timely and Smith ha[d] advanced no arguments for equitably tolling the statute of limitations." Id.

As in Smith, it is not necessary for this Court to take a position on the jurisdictional significance of the IDEA's 90-day limitations period. The Court agrees with the defendants that even if the Court considered the complaint as having been filed on January 31, 2008, it would still have been two days late, based on the 90-day limitations period. Defs.'s Reply at 2. If the Court determined that the 90-day limitations period is a jurisdictional bar, it would not have subject matter jurisdiction to entertain this case. On the other hand, if the Court found that the 90-day limitations period is not a jurisdictional bar, it would not equitably toll the limitations period because the plaintiff has not provided adequate justification for the Court to do so.

Although the defendants have moved to dismiss under Rule 12(b)(1), the Court may dismiss the action sua sponte under Rule 12(b)(6) as "[n]either the Federal Rules of Civil Procedure nor any federal statute expressly prohibits sua sponte dismissals for failure to state a claim," nor does any decision of the Supreme Court. Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 & n.2 (D.C. Cir. 1990). Therefore, the Court may choose to dismiss this action for failure to file a timely complaint, regardless of whether violation of the IDEA's 90-day limitations period is a jurisdictional bar that should be addressed under Rule 12(b)(1), or it is a statute of limitations transgression that should be addressed under Rule 12(b)(6).

The plaintiff contends that pursuant to Federal Rules of Civil Procedure 60(b)(1) and 61,[5] the Court could "retain jurisdiction" of this case because of "excusable neglect."

---

[5] Federal Rule of Civil Procedure 61 provides that harmless error is no ground for disturbing a judgment or order of the Court, and that "the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. The plaintiff has failed to explain how this Rule

8

Pl.'s Opp'n at 2.  Under Rule 60(b)(1), a court may grant relief from a final judgment, order, or proceeding involving "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  However, the party seeking relief bears the burden of demonstrating that the prerequisites for that relief are satisfied.  McCurry v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002).  First, the plaintiff has not identified "a final judgment, order, or proceeding" from which she seeks relief.  See Fed. R. Civ. P. 60(b).  Second, even if she had, the relief available – equitable tolling of the statute of limitations – is not appropriate in this case.  With regards to statutes of limitation, equitable tolling is "typically available only when the party was 'prevented in some extraordinary way from exercising his rights.'"  Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996) (internal citation omitted).  The Supreme Court has stated that the relief of equitable tolling should be granted "only sparingly" and not in cases involving "garden variety claim[s] of excusable neglect."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  And, specifically, "lack of due diligence on the part of [the] plaintiff's attorney is insufficient to justify application of an equitable toll."  South v. Saab Cars USA, 28 F.3d 9, 12 (2d Cir. 1994) (citing Irwin, 498 U.S. at 96).

Here, the plaintiff has not demonstrated that the neglect was something other than "garden variety."  Irwin, 498 U.S. at 96.  Further, the plaintiff has not shown that "extraordinary" circumstances prevented her from timely filing her complaint.  Johnson,

---

supports her position that despite her untimely filing – what she desires the Court to regard as "excusable neglect" – the Court should retain jurisdiction over this matter.  Pl.'s Opp'n at 2.  The plaintiff has not explained how she has a substantive right to bring a lawsuit outside of the statute of limitations period.  Cf., State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 536 (1967) (listing examples of substantial rights: "the right to choose the forum in which to establish [one's] claims, subject to generally applicable rules of jurisdiction, venue, service of process, removal, and change of venue").  Even if the plaintiff's filing two days outside of the statute of limitations period could be considered "excusable neglect," the plaintiff failed to cure the procedural deficiencies in her pleadings for another two weeks.  The plaintiff offers no excuse for this delay.  The plaintiff's failure to abide by the statue of limitations both serves as a jurisdictional bar to this Court and relieves the defendant of the burden to defend in this action.  Rule 61 does not authorize the Court to disregard jurisdictional errors and defects.

86 F.3d 8 at 12.  In her opposition to the defendant's dismissal motion, the plaintiff fails to make any representations whatsoever concerning the multitude of procedural discrepancies that occurred on January 31, 2008.  Furthermore, the plaintiff has not proffered any explanation as to why she took an additional two weeks to refile the complaint on February 15, 2008, after it was rejected on January 31, 2008.  The Court therefore concludes that the plaintiff's complaint was untimely and she has not advanced any arguments for equitably tolling the filing limitations imposed by 20 U.S.C. §1415(i)(2)(B).  Accordingly, the defendant's motion to dismiss will be granted.

### IV. Conclusion

For the forgoing reasons, this Court **GRANTS** the Defendants' Motion to Dismiss [the] Complaint. [6]

**SO ORDERED** this 30th day of September, 2008.

_____/s/_____
REGGIE B. WALTON
United States District Judge

---

[6] An order consistent with this Memorandum Opinion shall be entered contemporaneously herewith.